UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTINE KUMINKA, : | Civil Action No. 10-5233(NLH) |
| : | |
| Plaintiff, : | |
| : | |
| v.            : | **MEMORANDUM OPINION** |
| : | |
| ATLANTIC COUNTY, : | |
| NEW JERSEY, ET. AL., : | |
| : | |
| Defendants. : | |

This matter comes before the Court for a determination of whether the Poulis factors support dismissal of this case. For the reasons explained below, dismissal is warranted and appropriate.

I.   PROCEDURAL BACKGROUND

The full background of this case is known to the parties and recited in numerous Orders and Opinions of this Court and, therefore, will not be repeated here.

By Order dated June 7, 2013, the Court dismissed this matter. Plaintiff appealed and the Third Circuit affirmed the underlying decision to order discovery, but remanded on grounds that the Court did not expressly outline the Poulis factors in

its decision to dismiss for a willful failure to provide that discovery.[1]  Therefore, the limited issue before the Court is whether the Poulis factors support dismissal of this case.

The Court invited the parties to submit written briefs in support of their position on whether this case should be dismissed under the Poulis factors.  The parties submitted their briefs and the Court held oral argument on May 13, 2014.  At the hearing, the Court went through each of the Poulis factors and concluded that dismissal is warranted and appropriate.  The Court now outlines in fuller detail those reasons in this Opinion.

II. DISCUSSION

In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit outlined the following factors that should be considered prior to dismissing a case:

(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

---

[1] Specifically, the Third Circuit ruled that the District Court properly concluded that Ms. Kuminka's mental condition was "in controversy" for purposes of Rule 35(a), and that the Court did not abuse its discretion by ordering her to attend an IME.  The Third Circuit remanded the matter because the District Court did not expressly consider the Poulis factors, and vacated the dismissal order and remanded to the District Court "for consideration of the Poulis factors."

2

      (3) a history of dilatoriness;

      (4) whether the conduct of the party or the attorney was willful or in bad faith;

      (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

      (6) the meritoriousness of the claim or defense.

Id. at 868.

      Applying the above factors to this matter, the Court finds:

      (1) The first factor weighs in favor of dismissal. Ms. Kuminka is personally responsible for her behavior in this case, including her history of flagrant and open disregard of Court Orders.  The Court extended numerous chances for Ms. Kuminka to comply with discovery Orders, which history has been described in the Court's earlier Opinions.  Ms. Kuminka refused to comply and went so far as to personally cancel a Court ordered IME without excuse.  There no question that Ms. Kuminka acted willfully and knowingly and that she alone is responsible for her behavior.  There is no evidence that Ms. Kuminka misunderstood the Court, was confused, or did not understand the litigation process.

(2) The second factor weighs in favor of dismissal. The Court determined that Ms. Kuminka's mental state was at issue based on the claims in her complaint and ordered an IME. Ms. Kumnika refused to attend the IME thereby prejudicing defendants. Without the IME, defendants would be severely prejudiced in their defense of whether Ms. Kuminka's conduct contributed to or justified the officers' use of force, or whether the force used was excessive given the circumstances.[2] In addition, at least one of the officers who Ms. Kuminka has alleged used excessive force has left the employment of the defendant. It is well known that witnesses' memory fades over time. Given the time that has elapsed since the event, defendant would be prejudiced if discovery were to resume years later.

(3) The third factor weighs in favor of dismissal. There is a history of dilatoriness by Ms. Kuminka. This case is now approximately four years old. The majority of the delay in this case has been the refusal by Ms. Kuminka to engage in discovery and to respond to reasonable discovery requests. Further delay was caused by Ms. Kuminka's open defiance of this

---

2 The Court renders no opinion on whether the use of force was excessive.

Court's Orders.  The Court has expended considerable time dealing with disputes that arose due to Ms. Kuminka's recalcitrance.

(4) The fourth factor weighs in favor of dismissal. The actions of Ms. Kuminka have been willful.[3]  Ms. Kuminka openly defied this Court's Orders.  Her repeated defiance has been intentional and knowing.  She personally canceled the Court Ordered IME and refused to come to the district where she filed her lawsuit.  Although Ms. Kuminka has filed a lawsuit against others, she is an unwilling participant in the back and forth inherent in civil litigation.  Her willful actions have prejudiced the defendants' right to information to assert a possible defense and have frustrated the process of orderly civil litigation.

(5) The fifth factor weighs in favor of dismissal. Sanctions other than dismissal would not remedy this situation. Although monetary sanctions are common in these kinds of cases, here, a monetary sanction would not remedy the defendants' inability to obtain information the Court has ruled may be relevant to a valid defense.  A monetary sanction will not

---

[3] There is no evidence of willfulness or bad faith on behalf of Ms. Kuminka's counsel.  The actions are attributed to Ms. Kuminka alone, not her counsel.  Indeed, the conflicts that Ms. Kuminka has had with her counsel are well-documented.

provide the defendant with the information only the plaintiff can provide through a proper medical examination.  In a case such as this, where the Court has ordered discovery, and the plaintiff openly refuses to provide it, the only appropriate sanction is to dismiss the case because to do otherwise would be unfair to the opposing party who has been prejudiced in its ability to obtain relevant information.

(6) The sixth factor is largely in equipoise with one caveat.  Ms. Kuminka may have a meritorious case, or she may not.  The Court does not make any ruling as to Ms. Kuminka's claims.  Whether meritorious or not, however, Ms. Kuminka is not entitled to willfully subvert the litigation process by refusing to engage in discovery in an apparent attempt to subvert a possible defense.  Here, the facts surrounding the confrontation in the courthouse are crucial in the fair resolution of the case.  As we have noted, central to the issue of whether the force used was reasonable was the plaintiff's demeanor, conduct and interaction with the defendant officers.  Whether the force used was necessary must be judged on the totality of the circumstances and often turns on such issues, present in this case, as to whether the plaintiff presented herself as a possible risk to the officers or others in the Courthouse or whether she was actively resisting arrest.  In short, her mental

state could go the heart of plaintiff's allegations of unlawful force.  By refusing to provide the required discovery, Ms. Kuminka chooses to decide for herself whether the facts surrounding her state of mind on that day and leading up to it to might support or undermine the testimony and other evidence in the case.  This precludes, rather than promotes, a resolution of the case on the merits.

      Therefore, all of the Poulis factors weigh in some measure in favor of dismissal.  To allow this case to proceed would tip the scales of justice unfairly in plaintiff's favor and award gamesmanship in the litigation process.  In light of the history of Ms. Kuminka's flagrant, willful and intentional defiance of this Court's Orders and her refusal to engage in reasonable and necessary discovery, this case will be dismissed.

    An appropriate Order will be entered.

                                s/Noel L. Hillman
                                NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey

Dated: September 30, 2014