UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| CHRISTINE KUMINKA, | : | Civil Action No. 10-5233(NLH) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION & ORDER** |
| | : | |
| ATLANTIC COUNTY, | : | |
| NEW JERSEY, ET. AL., | : | |
| | : | |
| Defendants. | : | |

---

CHRISTINE KUMINKA
P.O. BOX 1425
TALLEVAST, FL 34270
    Appearing *pro se*

JAMES T. DUGAN
ATLANTIC COUNTY DEPARTMENT OF LAW
1333 ATLANTIC AVENUE
8TH FLOOR
ATLANTIC CITY, NJ 08401
    On behalf of defendants

**HILLMAN**, District Judge

Presently pending before the Court is the motion of plaintiff, Christine Kuminka, appearing *pro se*, for reconsideration of the Court's dismissal of her case; and

Previously, the Court having dismissed her case due to her flagrant disregard of the Court's Orders, including refusing to attend a Court-ordered independent medical examination; and

Plaintiff having appealed the dismissal of her case to the Third Circuit Court of Appeals, which affirmed this Court's determination that plaintiff's mental condition was "in controversy" for purposes of Rule 35(a), and that the Court did not abuse its discretion by ordering her to attend an IME; but

The Third Circuit having remanded the matter because the Court did not expressly consider the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984); and

The Court, after considering supplemental briefing and argument at a hearing, having issued both an oral and written Opinion analyzing the six Poulis factors and determining that the dismissal of her case was warranted (see September 30, 2014 Opinion); and

Plaintiff now asking the Court to reconsider the dismissal of her case; and

Plaintiff arguing that the dismissal of her case is unfair to her and her meritorious claims, and that her statement at the May 13, 2014 hearing that she would finally submit to the IME was inappropriately rebuffed by the Court; and

2

The Court noting that a motion for reconsideration may be treated as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), or as a motion for relief from judgment or order under Fed. R. Civ. P. 60(b), or it may be filed pursuant to Local Civil Rule 7.1(i).  The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  A judgment may be altered or amended only if the party seeking reconsideration shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Id.; and

The Court finding that plaintiff has failed to meet the standard for reconsideration of the Court's decision to dismiss her case;

Accordingly,

IT IS on this 21st day of  April , 2015

ORDERED that the Clerk shall reopen the case and shall make a new and separate docket entry reading "CIVIL CASE REOPENED"; and it is further

3

ORDERED that plaintiff's motion for reconsideration [87] is DENIED; and it is further

ORDERED that the Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED."

s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J.

At Camden, New Jersey